IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DENNIS COLES | * |
| Petitioner | * |
| v | *   Civil Action No. RDB-12-528 |
| UNITED STATES OF AMERICA | * |
| Respondent | * |

\*\*\*

## MEMORANDUM OPINION

The above-captioned Petition for Writ of Habeas Corpus was filed February 17, 2012, together with the five-dollar filing fee. Petitioner Dennis Coles ("Coles"), an inmate at the Federal Correctional Institution in Cumberland, Maryland, asserts his current confinement is improper because the sentence imposed by the United States District Court for the Central District of Illinois was based in part on a drug conviction which did not qualify him as a career criminal. ECF No. 1. He asserts his claim is one of "actual innocence," he has not had an unobstructed procedural opportunity to present his claim of actual innocence, and Seventh Circuit law on actual innocence claims applies only to the offense and not the sentence imposed. *Id*.

Before this Court may reach the merits of any claim it must be clear that jurisdiction exists. The threshold question presented here is whether this claim is properly raised in a petition filed pursuant to 28 U.S.C. §2241 or is more properly construed under 28 U.S.C. §2255. If it is not a properly filed 2241 petition, this court does not have jurisdiction over the claim as Petitioner's conviction emanates from the United States District Court for the Central District of Illinois. *See United States v. Coles*, No. 00-cr-20051-MPM (C.D. Ill.).

A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief.  A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a).  By contrast, a §2255 motion challenges the validity of a conviction or sentence.  *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of §2241, there is an exception under the so-called "savings clause" in § 2255[1] which provides a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255.  In *Jones*, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.  *Jones* 226 F.3d at 333-34.

A review of the Illinois docket reveals Coles's sentence was reconsidered in light of *United States v. Booker*, 543 U.S. 220 (2005) (holding that reliance upon the federal sentencing

---

[1] 28 U.S.C. §2255 provides in relevant part:
>   [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

guidelines as mandatory violates due process). In a decision issued August 8, 2005, the Illinois Court placed on the record its rationale, apart from the sentencing guidelines, supporting its decision to sentence Coles as a career criminal and declined to change the sentence as originally imposed. *See United States v. Coles*, No. 00-cr-20051-MPM (ECF No. 186) (C. D. Ill 2005). It does not appear that Coles ever filed a Motion to Vacate pursuant to 28 U.S.C. §2255.

The instant petition does not fall within the purview of the "savings clause." Rather, the claim is that Coles is "actually innocent of being an armed career criminal because his 1992 Michigan drug offense conviction that served as the basis for enhancing his sentence does not qualify as a serious drug offense as defined by §924(e)." ECF No. 1 at p. 3. Coles further reasons that because the 1992 Michigan drug offense does not qualify as a serious drug offense, "a true miscarriage of justice has occurred for which §2241 provides an avenue of relief." *Id*.

Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). The miscarriage of justice standard is directly linked to innocence. *See Schlup v. Delo*, 513 U. S.298, 320 (1995). Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id*. at 315. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."[2] *Murray*, 477 U. S. at 496. To invoke the actual innocence exception to the procedural default doctrine, a defendant "must show that it is more likely than

---

2 "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson,* 523 U.S. 538, (1998) (quoting *Schlup*, 513 U.S. at 324). New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citation omitted). The new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999).

not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

Coles's claim is a challenge to the validity of the sentence imposed. The United States Supreme Court stated that "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985)). In this case, Coles is collaterally attacking the validity of his sentence and the proper vehicle by which to assert this challenge is a 28 U.S.C. §2255 motion. The instant Petition must be construed as a Motion to Vacate, Set Aside Or Correct Sentence under §2255. This Court does not have jurisdiction to consider the claim. Accordingly, by separate Order which follows, the Petition will be dismissed without prejudice and a Certificate of Appealability will be denied.[3]

February 24, 2012 _____/s/_____
Date                                  RICHARD D. BENNETT
                                      UNITED STATES DISTRICT JUDGE

---

[3] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).